## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEE HOYT, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| PORTFOLIO RECOVERY | ) **JURY TRIAL** |
| ASSOCIATES, LLC, a wholly-owned | ) |
| subsidiary of PORTFOLIO | ) **(Unlawful Debt Collection Practices)** |
| RECOVERY ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

LEE HOYT, ("Plaintiff") by his attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person, who resides in Windsor Locks, Connecticut 06096.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff.

12.     The alleged debt, a personal credit card issued by HSBC, arose out of transactions, which were primarily for personal, family, or household purposes.

13.     Beginning in or around March 2014 and continuing through July 2014, Defendant repeatedly and continuously called Plaintiff on his home and cellular telephones in its attempts to collect the alleged debt.

14.     Defendant called Plaintiff, on average, between one (1) and five (5) times per day on his home and cellular telephones, causing him to receive at least ten (10) collection calls per week.

15.     For example, Defendant called Plaintiff's home telephone on April 26, 2014, at 8:12 a.m.; April 30, 2014, at 1:41 p.m. and 6:04 p.m.; May 3, 2014, at 9:02 a.m. and 5:16 p.m.; May 4, 2014, at 11:12 a.m. and 7:11 p.m.; May 6, 2014, at 8:10 a.m. and 5:02 p.m.; May 9, 2014, at 9:24 a.m. and 6:20 p.m.; May 12, 2014, at 1:43 p.m. and 6:31 p.m.; May 16, 2014, at 12:20 p.m. and 8:01 p.m.; May 20, 2014, at 2:52 p.m. and 6:44 p.m.; May 24, 2014, at 8:34 a.m.; May 28, 2014, at

1:47 p.m. and 4:58 p.m.; June 2, 2014, at 8:56 a.m. and 6:39 p.m.; June 5, 2014, at 10:21 a.m. and 5:59 p.m.; June 6, 2014, at 10:08 a.m. and 7:22 p.m.; June 10, 2014, at 8:12 a.m. and 6:51 p.m.; June 12, 2014, at 7:23 p.m.; June 15, 2014, at 11:32 a.m.; June 16, 2014, at 8:12 a.m.; June 25, 2014, at 8:44 p.m.; June 26, 2014, at 5:54 p.m.; June 28, 2014, at 8:10 a.m.; July 3, 2014, at 8:11 a.m.; July 7, 2014, at 8:11 a.m.; July 10, 2014, at 3:05 p.m. and 6:40 p.m.; July 11, 2014, at 4:44 p.m. and 7:28 p.m.; July 13, 2014, at 1:25 p.m. and 8:07 p.m.; July 15, 2014, at 11:24 a.m.; and July 23, 2014, at 9:53 a.m. and 7:32 p.m.

16.     Further, when calling Plaintiff, Defendant would call him at times where it was inconvenient for him to receive collection calls.

17.     Specifically, Defendant called Plaintiff after 9:00 p.m.

18.     On numerous occasions, Plaintiff spoke with Defendant's collectors, in order to stop the repeated and continuous collection calls.

19.     On at least one occasion, Plaintiff told Defendant that the debt that they were calling to collect was too old and that he was not paying it.

20.     Also, Plaintiff informed Defendant that the alleged debt did not appear on his credit report, giving credence to his assertion that the debt was out of statute.

21.     In response, Defendant deceptively claimed that if he (Plaintiff) were to apply for credit and/or a car loan, then the debt would appear on his credit

report.

22.     Defendant's statement to Plaintiff that the debt would appear on his credit report was false.

23.     Plaintiff, on more than one occasion, told Defendant to stop calling him.

24.     In response, Defendant told Plaintiff that they were still going to call him.

25.     Defendant failed to update its records to restrict collection calls to Plaintiff's home and cellular telephones.

26.     In fact, it persisted calling him knowing that he did not want to be contacted.

27.     Further, Defendant's communications with Plaintiff became increasingly harassing, threatening, deceptive, and unfair.

28.     Specifically, Defendant threatened to call Plaintiff's employer in its attempts to collect the debt.

29.     Upon information and belief, at the time Defendant made this threat, it did not intend to take the action it threatened and legally could not take the action it threatened, as it had not obtained a judgment or garnishment order against Plaintiff; therefore, it could not contact his employer.

30.     Further, Defendant threatened Plaintiff that it would take him to

Court.

31.    Upon information and belief, at the time Defendant made this threat, it did not intend to take the action it threatened and legally could not take the action it threatened, as the debt was out of statute.

32.    To date, to Plaintiff's knowledge, Defendant has neither called his employer, nor filed any lawsuit against him, evidencing it never intended to take the actions it threatened.

33.    Lastly, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth his rights to dispute the debt and/or seek validation of the debt pursuant to the FDCPA.

34.    Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

35.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(a)(1).

       a.    A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual place or a time or place known to be inconvenient to the consumer.  In the absence of

1
2
3
4
5

   b.  Here, Defendant violated § 1692c(a)(1) of the FDCPA by

     calling Plaintiff after 9:00 p.m.

<b>COUNT II</b>

36. Defendant's conduct, as detailed in the preceding paragraphs, violated

15 U.S.C. §§ 1692d and 1692d(5).

   a.  A debt collector violates § 1692d of the FDCPA by engaging in

     conduct the natural consequence of which is to harass, oppress,

     or abuse any person in connection with the collection of a debt.

   b.  A debt collector violates § 1692d(5) of the FDCPA by causing

     a telephone to ring or engaging any person in telephone

     conversation repeatedly or continuously with intent to annoy,

     abuse, or harass any person at the called number.

   c.  Here, Defendant violated §§ 1692d and 1692d(5) of the

     FDCPA by continuously and repeatedly contacting Plaintiff on

     his home and cellular telephones between one (1) and five (5)

     times a day, causing him to receive at least ten (10) collection

calls per week; and by continuing to call Plaintiff after being told to stop, with the intent to annoy, abuse and harass him.

## COUNT III

37.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

    a.    A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

    b.    A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

    c.    Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    d.    Here, Defendant violated §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA by threatening to call Plaintiff's employer in its attempts to collect a debt as well as to take legal action against Plaintiff, when it did not intend to take the threatened actions and legally could not take the threatened actions, as well as

falsely stating that the debt would appear on Plaintiff's credit report if he tried to obtain credit or a car loan.

**COUNT IV**

38.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated § 1692f of the FDCPA by failing to investigate Plaintiff's dispute of the debt; failing to update its records to stop contacting Plaintiff after being told that its calls were unwanted and that he refused to pay the debt; and telling Plaintiff that it would continue to call him after being told to stop calling him.

**COUNT V**

39.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a.    A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the

collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.  Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of

the debt.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LEE HOYT, respectfully prays for a judgment as follows:

      a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

      d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LEE HOYT, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

LEE HOYT
By his Attorney,

*/s/ Angela K. Troccoli*
_____

Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: September 18, 2014